UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GARFIELD MCFARLANE | : | DOCKET NO. 10-CV- 0036 SECTION "P" |
| VS. | : | JUDGE MINALDI |
| J.P. YOUNG, WARDEN | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Currently before the court is a motion to dismiss the petition for writ of habeas corpus filed by pro se petitioner, Garfield McFarlane.  Doc. 9.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner, Garfield McFarlane (a.k.a. Hilford A. Brissett), filed a petition for writ of habeas corpus pursuant to 22 U.S. C. § 2241, asserting that his continued detention beyond six months is unconstitutional under the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).  Doc. 1.

In its motion to dismiss, Respondent submits that Petitioner, Garfield McFarland, was released from ICE detention on January 28, 2010 pursuant to an Immigration Judge's order of removal.  Doc. 9, Att. 2, Ex. A.  Since Petitioner is no longer detained by ICE, there is no longer a justiciable controversy before the court.  *See Alwan v. Ashcroft,* 388 F.3d 507, 511 (5th Cir. 2004).

Accordingly,

IT IS RECOMMENDED that Respondent's motion to dismiss be GRANTED.

IT IS FURTHER RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.**

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 8th day of June, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE